Milligan, J.,
delivered the opinion of the court:
The claimant, Henry H. Clapp, has been employed since May 17, 1869, as a clerk in the office of the Congressional Printer, in Washington. He ranks as a clerk of the fourth class, and has been regularly paid his salary at the rate of $1,800 per an-num. But he claims more, and alleges, under the eighteenth, section of the act of Congress approved July 28, 1866, he is entitled to $30 per month additional compensation, and now brings this suit tojecover $495, which he avers is still due him for his services from May 17,1869, to September 30,1870.
The whole question involved in this case turns on the construction to be given the eighteenth section of the. act of July 28,1866, under which this suit is prosecuted.
The section relied on is taken from an act entitled “An act making appropriations for sundry civil expenses of the Govern- *355 merit for the year ending- June 30,1807, and for other purposes,” and reads as follows :
u Sec. 18. That there be allowed and paid to the officers, clerks, committee-clerks, messengers, and all other employés of the Senate and House of Representatives, and to the G-lobe and official reporters of each House, and the stenographer of the House, and to the Capitol police, and to the three superintendents of the public gardens, their clerks and assistants, and to the Librarian, assistant librarians, messengers, 'and other employes of the Congressional Library, an addition of' twenty per cent, on their present pay, to commence with the present Congress; and the amount necessary to pay this allowance is hereby appropriated out of any money in the Treasury not otherwise appropriated.” — (14 Stat. L., sec. 18, p. 323.)
Prior to the act of July 28, 1806, the compensation of clerks of the fourth class, in the several Departments of the Government, was fixed by the act of March 3,1853, (10 Stat. L., sec. 3, pp. 209, 310,) at $1,800 per annum.
But it is insisted in argument that the rate of compensation fixed by this statute is so enlarged by the eighteenth section of the act of July 28, 1860, a.s to include clerks and other employes in the office of Congressional Printer, and to give them the additional twenty per cent, on their salary allowed directly to officers, clerks, &c., of the Senate and House of Eepresentatives.
This argument rests wholly on the act of Congress providing for the election of Congressional Printer, approved February 22,1867, (14 Stat. L., pp). 398-9,) which declares “ that the person so elected shall be deemed an officer of the Senate, and shall be designated ‘ Congressional Printer.’” The duties imposed .on this officer are the same as those previously discharged by the Superintendent of Public Printing. He is required to superintend the printing and binding of the journals of each House of Congress, and all the other printing and binding for the respective Departments of the Government which, by law, are required to be done at the Government Printing-Office.
The duties of the Congressional Printer are not, therefore, confined to the Senate, but equally extend to the House of Representatives and all the other Departments of the Government which, by law, are authorized to require printing and binding at the Government Printing-Office. They are separate and *356 distinct duties, and are all discharged outside the halls of Congress, and not paid for out of the contingent fund of Congress, but by specific appropriation. It follows, therefore, that the head of this branch of the public service, much less his clerks and employés, cannot, in any just sense, be classed among the officers of the Senate mentioned in the eighteenth section of the act of July 28,1866.
In support of this view it cannot be overlooked that this act provides specifically, and by' name, for the persons who are entitled to receive its benefits, and we cannot, by construction, include any others. To do so would be doing violence to the plainest rule of interpretation which is recognized by all courts. The maxim is, expressio unius exclusio alterius, which, when applied to this case, cuts off the claimant from all participation in the benefits of the act under consideration.
If this conclusion needed support it can be found in the subsequent legislation of Congress. The acts of March 2, 1867, (14 Stat. L., 440,) July 20,1868, (15 Stat. L., 92,) and March 3,1869, (15 Stat. L., 283,) explicitly mention the officers, messengers, and other employés in the Senate who are entitled by law to receive an annual salary, and neither the Congressional Printer nor any of the clerks or employés in the Government Printing-Office are included. It is obvious, therefore, (so far as appropriation acts can be looked to as expressing the will of the legislature,) that the intention of Congress, when it declared in the act of February 22, 1867, that the Congressional Printer should “ be deemed an officer of the Senate,” was not to include him, or the claimant acting under him, within the provisions of the eighteenth section of the act of June. 28, 1866.
In no aspect of the case can we sustain the claimant’s right of action, and the petition must be dismissed.